SALISBURY, appellant, and COLT, respondent.

COLT, appellant, and SALISBURY, respondent.

1. An order of reference, directing a master to state an account between a legatee and testator's executor, allowing seven per cent. for interest during all the time that executors received interest on the legacy at and above that rate, (the legal rate then being six per cent.,) does not authorize charging seven per cent. because the executors received more than that rate in dividends upon stocks, in which the bulk of the testator's estate was invested at his death, and so remained at the accounting; it appearing that the stock was worth, all that time, one hundred and fifty per cent. premium, and the dividends thereon amounted to less than seven per cent. upon the money value of the shares.

2. When executors have failed for several years, against the testator's intention, to separate a legacy from the estate and invest it, it is such a violation of trust as justifies charging them with compound interest.

Appeal from an order of the Court of Chancery in the matter of exceptions by Edward Salisbury and wife to master's report, re-stating an account of the surviving executor of Roswell L. Colt, deceased; and cross-appeal by the executor. (10 C. E. Green 203.) The appeals was argued by

*Mr. Wm. Pennington* and *Mr. B. Williamson*, for Mr. and Mrs. Salisbury.

*Mr. R. Wayne Parker* and *Mr. Cortlandt Parker*, for the executor.

The opinion of the court was delivered by

KNAPP, J.

These are cross-appeals from an interlocutory decree of the Chancellor, made upon the report of William Paterson, esquire, as master, in a cause in that court between De Grasse B. Fowler and wife, complainants, and Morgan Colt and others, defendants. The two appeals were heard, and will be decided together.

The cause in the Court of Chancery had respect to the will and codicil of Roswell L. Colt, deceased, by which Maria Theresa Colt, afterwards the wife of Edward Salisbury, had bequeathed to her a legacy of $20,000, which was directed to be held by the executors upon certain trusts. In December, 1872, Mr. Salisbury and wife filed their petition in that court, praying that a certain decree theretofore made be set aside, and reference had to a master to state an account of the principal and interest due to Mrs. Salisbury upon her legacy, above the payments made to her. Morgan G. Colt, the surviving executor, answered the petition, and on the 18th day of March, 1873, the Chancellor made an order that the said interlocutory decree of September 15th, 1868, be vacated and set aside, and that it be referred to William Paterson, esquire, one of the special masters, to take and state an account of the amount due for principal and interest upon said legacy to said Maria Theresa Salisbury, "and that he allow her interest

after the rate of seven per cent. per annum for all the time during which said executors received interest at that rate upon said moneys in their hands belonging to said Maria Theresa, and for all other time after the rate allowed by law at that time, and that he do credit said executors, in said account, with all moneys paid for or to said Maria Theresa."

On the 3d of May, 1873, the master filed a report of the account made and stated by him, with the evidence taken before him on the reference. He allowed interest from November 22d, 1856, to November 22d, 1859, at the rate of six per cent. per annum; from November 22d, 1859, for the remainder of the time, after the rate of seven per cent. per annum, with calculations of interest upon annual rests, throughout the whole time.

The master further reported that the estate of the testator, Roswell L. Colt, principally consisted in shares in the Society for Establishing Useful Manufactures, the par value of which was $100 per share; that all the income received by the executors from the estate of the testator was derived from dividends on those shares; and that as the legacy had to be paid out of that stock, the executors should be charged seven per cent. upon the legacy for each year that seven per cent. or upwards had been received by the executors in dividends upon the stock, taking the yearly dividends made upon the stock at par, as the rate per cent. which the executors had received in those years as interest on the legacy : and in accounting upon that method, the master found that for the years 1860, 1861, 1863, 1864, 1865 and 1866, during which period the lawful rate of interest was six per cent., the executor should be charged after the rate of seven per cent., because the dividends on the stock paid in each of those years had equaled or exceeded seven per cent., and the account was made and stated, charging the executor upon that basis, the master having in his interpretation of the order of reference, regarded it as permitting that method of accounting.

The executors excepted to this part of the report, substantially upon the ground that they had received, during

those years, less than seven per cent. per annum upon the value of the estate in their hands.; that the receipts of the executors in dividends upon the stock, although more than seven per cent. upon the par value of the stock, was much less than seven per cent. upon the actual value or upon the money of the estate invested in the stock; that nothing was received by them *as* interest on the legacy, and that, under the order of reference, the charge should have been for no more than lawful interest. The Chancellor sustained the exception, and by his decretal order of October 19th, 1874, set aside so much of the master's report, and referred it back to him with directions to re-state the account and charge interest for those years at the rate of six per cent. per annum.

The executors also excepted to the manner of stating the account in making yearly rests in the computation of interest. This exception was overruled by the Chancellor.

Both parties appeal from the decree of the Chancellor, and the question presented is whether the decree upon the matters excepted to in the report is in accordance with the directions of the first-mentioned order of reference. That order was not appealed from, and whatever accounting is had in the case must be regulated and controlled by the terms of that order.

The substantial direction of that order, so far as is important here, is that the master, in stating this account, shall charge the executor, in any event, with not less than lawful interest upon the legacy, nor more than seven per cent., and if, while the rate of interest, by law, was less than seven per cent., the executors received interest upon the money in their hands at that rate, then, for such time as they received interest at that rate, they shall be charged seven per cent.

The decree of the Chancellor upon the rate of interest to be allowed by the master is obviously correct, unless it appears in the case that the executors, during some of the years from 1855 to 1866, received interest on this legacy at the rate of seven per cent. per annum, or more.

The case clearly shows that this legacy was never severed from the bulk of the estate, or in any manner invested as a separate fund, and the executors therefore cannot, in any proper sense, be said ever to have received any money *as* interest upon the legacy in their hands.

But, on behalf of the legatee, it is insisted that because the money to pay this legacy, with the other moneys of the testator, was invested, at the time of the testator's death, in the stock of this corporation, and the executors have allowed it so to remain, they must be considered as having received interest upon the legacy after the rate of the dividends paid upon the stock at par; in other words, should be charged for dividends received, as if the legacy had been invested in the stock at par value.

It seems by no means clear, that such is the interpretation of the order of reference, or that it calls for or permits any such rule for the ascertainment of the interest received on the legacy. If the money of the legacy had been invested in this or other stock, at a known price, it might have been easy to determine, from the dividends paid, what the executor received as interest, but such is not the case. It was admitted, on the argument, that the stock in this corporation was worth $250 per share, at the least. The dividends on two hundred shares of this stock, it is claimed, should be taken to represent the interest received on the legacy. But two hundred shares of the stock represent $50,000 of this estate. It is not apparent upon what just principle is based the claim to have the dividends on $50,000 worth of the stock considered as the interest which the executors received on $20,000 invested in the stock. If these dividends are to represent and determine the interest received by the executors on this legacy, it must be dividends on such amount of stock as the legacy would purchase—that would not exceed eighty shares —and the dividends received by the executors on that amount of stock, did not, in any of those years, equal seven per cent. upon the legacy. The Chancellor was clearly right in his conclusion that no evidence is found in the case showing that

the executors had received, during any of the years mentioned, such interest on the money in their hands belonging to the legatee, as would, under the order of reference, justify a charge for more than the legal rate of interest, and his decree is in accordance with the order of reference.

The executor appeals from that part of the Chancellor's decree which overrules his exception to the mode of computing interest with yearly rests. The decree, in that respect, is right: the circumstances of the case fully justify the compounding of interest upon the legacy.

The decree of the Chancellor is affirmed, but without costs in either case.

Decree, on appeal, affirmed by following vote:

For affirmance—BEASLEY, C. J., CLEMENT, DALRIMPLE, DEPUE, KNAPP, LATHROP, LILLY, SCUDDER, VAN SYCKEL, WALES, WOODHULL. 11.

For reversal—DODD and GREEN. 2.

Decree, on cross-appeal, unanimously affirmed.